UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CAROLYN LA BAUVE HAMPTON, individually,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSON'S, LLC, d/b/a ALBERTSON'S; SAFEWAY, INC. d/b/a ALBERTSON'S; ALBERTSON'S STORES SUB LLC; AB ACQUISITION LLC; TOM SCHLAEN; DOES 1 through 100 and ROE CORPORATIONS 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00681-KJD-BNW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is Defendants' Motion for Partial Summary Judgment (ECF #20). Plaintiff responded in opposition (ECF #21) and Defendants replied (ECF #22).

I.  Factual and Procedural Background

Plaintiff Carolyn La Bauve Hampton ("Hampton") brought this action against Defendants Albertson's, LLC, d/b/a Alberton's ("Albertson's"), Safeway, Inc. d/b/a Albertson's ("Safeway"), Albertson's Stores Sub LLC ("Store Sub"), AB Acquisition LLC ("AB Acquisition"), and Tom Schlaen ("Schlaen") after a slip and fall that occurred at Albertson's store. (ECF #20, at 2). According to Hampton, she slipped and fell on liquid in the store lobby. Id. Surveillance video shows that Albertson's employee Summer Smith ("Smith") swept the area in which Hampton fell approximately 29 minutes before the incident. Id. at 2–3. Hampton brought five causes of action against Defendants: one claim of negligence against Schlaen; and one claim of negligence, one claim of negligent hiring, one claim of negligent training and supervision, and one claim of negligent retention against Albertson's, Safeway, Store Sub, and AB Acquisition. Id. at 7–14. Defendants brought the instant motion for partial summary

judgment, arguing that Hampton has not provided evidence to support her negligent hiring, training, supervision, and retention claims.

II.     Legal Standard

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See FED. R. CIV. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "Where evidence is genuinely disputed on a particular issue—such as by conflicting testimony—that 'issue is inappropriate for resolution on summary judgment.'" Zetwick v. Cnty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (quoting Direct Techs., LLC v. Elec. Arts, Inc., 836 F.3d 1059, 1067 (9th Cir. 2016)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Anderson, 477 U.S. at 255.

III.    Analysis

    A.  Negligent Hiring

"The tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." Burnett v. C.B.A. Security Service, 820 P.2d 750, 752 (Nev. 1991). "To succeed on a claim for negligent hiring, retention, and supervision of employees, a plaintiff must establish

that: (1) defendant owed a duty of care to the plaintiff; (2) defendant breached that duty by hiring, retaining, and/or supervising an employee even though defendant knew, or should have known, of the employee's dangerous propensities; (3) the breach was the cause of plaintiff's injuries; and (4) damages. Peterson v. Miranda, 57 F.Supp.3d 1271, 1280 (D. Nev. 2014) (citing Hall v. SSF, Inc., 930 P.2d 94, 99 (Nev. 1996)).

Hampton has not provided any evidence that Smith had dangerous propensities or that Defendants knew, or should have known, of them prior to hiring Smith. Without such evidence, Hampton cannot succeed on her negligent hiring, retention, and supervision of employee claims. In her response, Hampton does not point to any evidence that would support this element of the tort. Instead, she argues that a reasonable jury could find that Smith was not properly trained. While that may be true, it does not help her establish the other element of her claim. Without the evidence, Hampton has not established that there is a genuine issue of material fact for trial and summary judgment is appropriate.

### B.  Negligent Training/Supervision

In addition to the duty to conduct reasonable background checks prior to hiring, employers have a "duty to use reasonable care in the training, supervision, and retention of [their] employees to make sure that the employees are fit for their positions." Reece v. Republic Servs., Inc., No. 2:10-cv-00114-GMN-RJJ, 2011 WL 8683863, at *11 (D. Nev. Mar. 10, 2011). This duty is separate from the duties of hiring. "The elements of a claim for negligent training and/or supervision are: (1) a general duty on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation." Id. "In order to prevail on a negligent training or supervision claim, the plaintiff must allege facts specifically indicating how the employer violated its duty. Id.

The Court finds that Hampton has not alleged facts specifically indicating how Defendants breached their duty to train, supervise, or retain Smith or any other employee. In her complaint, Hampton merely alleges that Defendants breached their duty when they "failed to properly train and supervise employees" and "negligently retained employees, even though they knew, or should have known, that the employees lacked the qualifications and/or competence for

their position." (ECF #1-2, at 12–12). In her response, Hampton argues that a reasonable jury could find that "Defendants' employees were not properly trained to perform sweeps, . . . completed insufficient sweeps, that sweeps were not overseen by supervisors, and that employees were not looking for hazards on the floors as directed." (ECF #21, at 3). Hampton points to the surveillance footage that does not show a spill during the one-hour period prior to the incident, but does show multiple employees walking around the area and a sweep of the area. Id. at 5. Additionally, Hampton shows the deposition testimony of Defendants' 30(b)(6) representative Jody Kay Wood ("Wood"). When asked about the policy to log when the routine sweeps were complete, Wood stated "I imagine they just virtually see that they're doing it." Id. at 7).

      The broad allegations are not specific enough to survive summary judgment and Hampton has not provided evidence to support her claims. The allegations are not supported by evidence that the training or supervision was insufficient, only that a reasonable jury could find that the training was insufficient. Even the deposition testimony that Hampton provides does not support the claim. Hampton argues that because Wood stated in her deposition that she imagines the managers visually observe that the sweeps were being completed, Defendants' supervision and training must have been negligent. However, in her deposition Wood also stated that after completing a sweep, the employees log the completion of their sweeps with their employee ID numbers. (ECF #21-4, at 6). While managers may observe the completion of the sweeps, there is also a system in place to log the completion of the sweeps.

      Additionally, Hampton has not alleged facts or produced evidence to show that Defendants negligently retained Smith. There is nothing in the record to show that Defendants knew or should have known that Smith posed a hazard but retained her anyway. Without specific evidence or allegations of how Defendants breached their duty to train and supervise Smith or breached a duty by retaining her, Hampton's claim cannot continue. Therefore, summary judgment is granted to Defendants.

//

//

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Partial Summary Judgment (ECF #20) is **GRANTED**.

Dated this 5th day of July, 2022.

_____
Kent J. Dawson
United States District Judge